**EXHIBIT "B"**

9/20/2021 5:32 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 57428449
By: Rhonda Momon
Filed: 9/20/2021 5:32 PM

CAUSE NO. _____

| | | |
|---|---|---|
| MATTHEW THOMAS ROBERTS, *Plaintiff*, | § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | HARRIS COUNTY, TEXAS |
| TITAN BRANDS, INC. and TITAN MANUFACTURING & DISTRIBUTING, INC. *Defendant*. | § § § § § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION, TRE 609(F) NOTICE, AND RULE 193.7 NOTICE

Matthew Thomas Roberts, Plaintiff, in the above-styled and numbered cause of action, brings this lawsuit against Defendants, Titan Brands, Inc. and Titan Manufacturing & Distributing, Inc., and in support thereof would show unto this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Texas Rule of Civil Procedure 190.4 the discovery of this case is to be conducted under a Level 3 Discovery Control Plan to be agreed upon by the parties.

### PARTIES

2. Matthew Thomas Roberts is a resident citizen of Houston, Harris County, Texas. Pursuant to Texas Civil Practice & Remedies Code § 30.014, the Court and parties are hereby advised that the last three numbers of his driver license are XXXXX260 and the last three numbers of his social security number are XXX-XX-X699.

3. Titan Brands, Inc. is a foreign corporation authorized to do business in the State of Texas and, pursuant to the Texas Business Organizations Code Sec. 5.201, may be served with process by any method allowed by TRCP 106, including delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its

1

president and/or at its registered agent, **Cathy Perkins, 3839 Forest Hill Irene Road, Ste 100, Memphis, Tennessee 38125-9914.**

4. Titan Manufacturing and Distributing, Inc. is a foreign corporation authorized to do business in the State of Texas and, pursuant to the Texas Business Organizations Code Sec. 5.201, may be served with process by any method allowed by TRCP 106, including delivering, in person, or mailing by registered or certified mail, return receipt requested, a true copy of the citation and petition to its president and/or registered agent, **Cathy Perkins, 3839 Forest Hill Irene Road, Ste 100, Memphis, Tennessee 38125-9914.**

### MISNOMER, ALTER EGO, AND TRCP RULE 28 REQUEST

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

6. To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendants pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, that Defendants answer in its correct legal and assumed name.

### JURISDICTION and VENUE

7. This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

8. All or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas. Therefore, venue is proper pursuant to §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

2

9. Additionally, the facts show that the convenience of the parties and the witnesses and the interest of justice would be best served in Harris County, Texas and venue is permitted in this county pursuant to §15.002(a)(4) of the Texas Civil Practice & Remedies Code.

10. All conditions precedent have occurred, been performed, or been waived.

11. Nothing Plaintiff did caused or contributed to this occurrence.

FACTS

12. At all times material to this cause, Defendants Titan Brands, Inc. and/or Titan Manufacturing and Distributing, Inc. are in the business of designing, developing, manufacturing, advertising, marketing, selling, and distributing fitness and workout equipment throughout the United States, including Harris County, Texas. Defendants also operate under the name Titan Fitness.

13. Defendants Titan Brands, Inc. and/or Titan Manufacturing and Distributing, Inc. designed, manufactured, marketed, and sold a home exercise product called "3-IN-1 HEAVY FOAM PLYOMETRIC BOX" (the "Plyo Box") in the United States, including Harris County, Texas.

14. Defendants' Plyo Box comes in three sizes: 12" x 14" x 16"; 16" x 18" x 20"; and 20" x 24" x 30". The smallest of the three is in the image below and is the product made the basis of this lawsuit.



15. Defendants Titan Brands, Inc. and/or Titan Manufacturing and Distributing, Inc. advertised on its website (https://www.titan.fitness/endurance/plyo-boxes/foam/3-in-1-heavy-foam-plyometric-box/3IN1PLYO-GROUP.html) that the "pro-duty Foam Plyometric Box is *perfect for performing box jumps*, box push-ups, dips, step-ups, and other creative exercises." Emphasis added.

16. Additionally, Defendants state on their website under "Product Overview":

> Step up your game and get ready to tone your body with the 3-in-1 Portable Foam Plyometric Box. Constructed from high-density heavy foam that will hold a weight capacity of 330-pounds, you can be confident that when you land your jump, this box will support you. Specifically designed with a slip-free surface, the durable vinyl cover features three different height settings to continuously challenge your vertical jump. This Foam Plyo Box will give you the edge you need in your cross-training, aerobic exercises, or physical therapy. It does not matter if it is box jumps, push-ups, dips, or step-ups; this box has you covered!

4

17. Defendants designed the Plyo Box such that the base depends on the height selected.

18. For the 12" x 14" x 16" Plyo Box the base is 12" x 14" when using the 16" height, 12" x 16" when using the 14" height, and 16" x 14" when using the 12" height. In other words, the size of the base is smaller as the height selected is higher.

19. In March 2021, Plaintiff ordered a 12" x 14" x 16" Plyo Box from Defendants' website.

20. On or about March 10, 2021, the Plyo Box was delivered to Plaintiff at his home in Harris County, Houston, Texas.

21. Upon receiving the delivery, Plaintiff opened the packaging and removed the Plyo Box.

22. Plaintiff set the Plyo Box on the floor at his home and attempted to use it for a box jump, the intended and encouraged purpose advertised by Defendants.

23. As Plaintiff's feet landed on the top of the Plyo Box, the instability of the Plyo Box caused it to roll, thereby causing Plaintiff to fall backward and hit his head on the floor.

24. Plaintiff suffered a serious traumatic brain injury due to the fall.

CAUSE OF ACTION FOR PRODUCTS LIABILITY – DEFECTIVE DESIGN
AGAINST ALL DEFENDANTS

25. Defendants Titan Brands, Inc. and/or Titan Manufacturing and Distributing, Inc. designed, manufactured, marketed, and sold into the stream of commerce the home exercise product called "TITAN FITNESS 3-IN-1 HEAVY FOAM PLYOMETRIC BOX" that was involved in the incident made the basis of this lawsuit.

26. Defendants marketed the TITAN FITNESS 3-IN-1 HEAVY FOAM PLYOMETRIC BOX for box jumping exercises.

5

27.     Defendants knew and encouraged customers, including Plaintiff, to use the TITAN FITNESS 3-IN-1 HEAVY FOAM PLYOMETRIC BOX for box jumping exercises.

28.     The small size of the TITAN FITNESS 3-IN-1 HEAVY FOAM PLYOMETRIC BOX made the basis of this lawsuit made it unstable for box jumping. The small size was a design defect that existed when it left Defendants' possession. The design defect was a producing cause of the occurrence and injury to Plaintiff.

29.     The small size of the TITAN FITNESS 3-IN-1 HEAVY FOAM PLYOMETRIC BOX rendered the product unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use. The small design of the TITAN FITNESS 3-IN-1 HEAVY FOAM PLYOMETRIC BOX and the high risk of injury involved in its use effectively rendered it useless for its intended purpose - box jumping.

30.     A safer alternative design other than the one chosen by Defendants that would have prevented or significantly reduced the risk of injury without substantially impairing the product's utility was to make the Plyo Box with a landing area large enough for a person to perform an average box jump with feet shoulder width apart and a base that was large enough to provide stability. Such design was economically and technologically feasible at the time the product left Defendant's control.

DAMAGES

31.     As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of each Defendant, Plaintiff sustained significant injuries and damages in the past and will in reasonable probability sustain these damages in the future.

32. Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

   a. Physical pain;
   b. Mental anguish;
   c. Loss of earning capacity;
   d. Disfigurement;
   e. Physical impairment;
   f. Medical care expenses; and,
   g. Out-of-pocket economic losses.

33. The damages sought herein are within the jurisdictional limits of the court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.

34. Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and demands judgment for all other relief, both in law and in equity, to which Plaintiff may be entitled.

## RULE 193.7 NOTICE OF INTENT TO USE DOCUMENTS

35. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to each Defendant that any and all documents produced may be used against the Defendant producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## TRE 609(F) NOTICE

36. You are hereby on notice that, pursuant to the Texas Rules of Evidence 609(f), Plaintiff intends to use any documents produced in relation to Defendants' criminal convictions as evidence at the time of trial.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that each Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**PERDUE & KIDD**

By: /s/Donald H. Kidd
Donald H. Kidd
State Bar No. 11383100
Jim M. Perdue, Jr.
State Bar No. 00788180
Adam J. Blake
State Bar No. 24101521
777 Post Oak Blvd., Suite 450
Houston, Texas 77056
Tel: (713) 520-2500
Fax: (713) 520-2525
Email: dkidd@perdueandkidd.com
jperduejr@perdueandkidd.com
ablake@perdueandkidd.com
eservice@perdueandkidd.com

and

Alvin Adjei
State Bar No. 24082259
708 Main St., 10th Floor
Houston, Texas 77002
Tel: (888) 414-5559
Email: aadjei@txbalaw.com

**ATTORNEYS FOR PLAINTIFF**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sarah Garvey on behalf of Donald Kidd
Bar No. 11383100
sgarvey@perdueandkidd.com
Envelope ID: 57428449
Status as of 9/21/2021 9:32 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Adam JosephBlake | | ablake@perdueandkidd.com | 9/20/2021 5:32:06 PM | SENT |
| Jim M.Perdue, Jr | | jperduejr@perdueandkidd.com | 9/20/2021 5:32:06 PM | SENT |
| Donald H.Kidd | | dkidd@perdueandkidd.com | 9/20/2021 5:32:06 PM | SENT |
| Sarah Garvey | | sgarvey@perdueandkidd.com | 9/20/2021 5:32:06 PM | SENT |
| Alvin Adjei | 24082259 | aadjei@txbalaw.com | 9/20/2021 5:32:06 PM | SENT |